IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA VANDEGRIFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:04cv737-C |
| ) | (WO) |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Patricia Vandegrift ("Vandegrift"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. Vandegrift then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. § 405(g) and § 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry of final

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

judgment by the United States Magistrate Judge.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner is due to be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. § 404.1520, §416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. Administrative Proceedings

Vandegrift was 45 years old at the time of the hearing before the ALJ. (R. 44.) She is a high school graduate. (*Id*.) Vandegrift's prior work experience includes work as a waitress, grill operator, training coordinator, photographer, and counter packager. (R. 64-65.) Vandegrift alleges that she became disabled on June 1, 1997, due to nerve damage in both arms, vertigo, asthma, anemia, and pancreatitis. (R. 26, 99.) Following the hearing, the ALJ concluded that Vandegrift suffers from severe impairments of "asthma, history of carpal tunnel syndrome, left hand; history of tennis elbow, right; and history of vertigo." (R.

3

28.) Relying on the testimony of the vocational expert, the ALJ concluded that Vandegrift could perform her past relevant work as a training coordinator. (R. 30.) Accordingly, the ALJ concluded that the plaintiff is not disabled. (*Id*.)

## IV. Discussion

The sole issue presented by Vandegrift is whether the vocational expert misconstrued the Dictionary of Occupational Titles ("DOT") job descriptions by failing to consider her reaching and handling restrictions,[4] and, therefore, whether the ALJ's reliance on the vocational expert's opinion is invalid. The court concludes that Vandergrift is entitled to no relief on this basis. First, Vandegrift offers no evidence that the vocational expert failed to consider her reaching and handling restrictions. In fact, the ALJ's hypothetical questions to the vocational expert included weight and lifting restrictions and as well as restrictions on "repetitive gross manipulation." (R. 65.) In addition, the ALJ's questions included other limits, such as the "occasional use of the hands." (*Id*.) Moreover, Vandergrift's testimony belies her position regarding her ability to reach and handle. She testified that "it's hard to grip and hold items [and that] sometimes [she] drop[s] [things]." (R. 50.) However, she also testified that the surgery helped her pain; she could brush her hair and her teeth; and she could pick up small items. (R. 50-52.)

Secondly, the Social Security Administration is not bound by the DOT. *See Jones v.*

---

[4] In the hypothetical posed to the vocational expert, the ALJ asked whether a person who "would have to avoid frequent gross manipulation with both hands" could perform any of Vandegrift's past work. (R. 65.) The vocational expert testified that an individual with those limitations could perform the job of a training coordinator and that his testimony was consistent with the DOT. (R. 65-66.) According to the DOT, training representatives are required to perform "frequent handling and frequent reaching." (Attach. to Doc. # 13, Exh. A, p. 3.)

*Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999) ("[T]he SSA itself does not consider the DOT dispositive."). The Eleventh Circuit has held that reliance on the DOT is strictly within the discretion of the ALJ and "an ALJ may rely solely on the VE's testimony." *Id.* Consequently, the plaintiff is entitled to no relief.

A separate final judgment will be entered.

Done this 16th day of June, 2005.


                                              /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE